## BAILEY v. STATE

[352 N.C. 127 (2000)]

### WAKE COUNTY NO. 92CVS10221

JAMES H. POU BAILEY, A. PILSTON GODWIN, HARRY L. UNDERWOOD, HENRY L. BRIDGES, ROSALIE T. ADAMS, JESSE M. ALMON, HELEN L. ANDREWS, WORTH B. ASKEW, BILLY A. BAKER, PARKER N. BARE, ARTHUR C. BEAMAN AND GRACE G. BEAMAN, JOSEPH G. BINKLEY, ROBERT L. BLEVINS, ELLIE L. BOYLES, CHANCEL T. BROWN AND JOAN W. BROWN, ELIZABETH S. BUTLER, DOROTHY T. CARMICHAEL, JOHN CARRICKER, HAROLD D. COLEY, SR., ANNA L. COOPER, CHARLES C. COOPER AND BERTIE S. COOPER, T.J. DUNCAN AND ESTHER P. DUNCAN, DAN R. EMORY, MARTIN W. ERICSON, FRED W. GENTRY, IVEY B. GORDON AND IZORIA S. GORDON, LOUIS N. GOSSELIN, EARL T. GREEN, BOB HAMMONS, DARIUS B. HERRING, RAY F. HOLCOMB, TILLIE M. HOLCOMB, KAY C. HURT, JOHN I. KIGER AND MARIE K. KIGER, CLARENCE T. LEINBACH, WALTER G. LEMING AND BARBARA C. LEMING, YATES LOWE, HARRIETTE B. McCORMICK, VIRGINIA H. MICKEY, WILLIAM F. MORGAN, HARRIETTA B. McCORMICK, EARL RAY PARKER, CALVIN C. PEARCE, MICHAEL PELECH, DIANE S. PEOPLES, MILDRED R. POINDEXTER, WINNIE D. POTTS, PATSY M. REYNOLDS, GLENN D. RUSSELL, BLANCHE S. SHIPP, CLYDE R. SHOOK, HAROLD E. SIMPSON, SONNIE B. SIMPSON, LENORA S. SMITH, FRANCES J. SNOW, CHARLES A. SPEED, JUSTUS M. TUCKER, WALTER P. UPRIGHT, RALPH B. WALKER AND MARTHA M. WALKER, JEAN A. WATSON, ROBERT I. WEATHERSBEE, RUBY WEBSTER, HARRY LEE WILLIAMS, DANIEL W. WILLIAMS, ELIZABETH H. WILSON, WILBUR G. WILSON, ERNEST B. WOOD, THOMAS S. WORSHAM, INDIVIDUALLY FOR THE BENEFIT AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, PETITIONER-PLAINTIFFS, AND W.K. AUBRY, JR., JAMES BRYAN BARRETT, NORMAN W. CASH, ROBERTA M. COOK, JOHN ED DAVIS, DANIEL M. DYSON, EDWIN C. GUY, SAMUEL L. HARMON, JOHN MARSHALL HARTLEY, DONALD ELLIOTT HARTLE, MARTHA M. LAWING, DOUGLAS LAMAR MASON, DELMA DALTON REPASS, JR., WILLIAM ELMER RIGGS, PAUL L. SALISBURY, JR., RICHARD A. SHARPE, NELSON LEROY SHEAROUSE, FRANCIS C. SIMMONS AND MARY E. SIMMONS, NED RAEFORD SMITH, G. VANCE SOLOMON AND EULALIA T. SOLOMON, THOMAS LASH TRANSOU AND WILBUR EUGENE YOUNG, ADDITIONAL PETITIONER-PLAINTIFFS v. STATE OF NORTH CAROLINA, THE NORTH CAROLINA DEPARTMENT OF REVENUE, JANICE FAULKNER, IN HER CAPACITY AS SECRETARY OF THE NORTH CAROLINA DEPARTMENT OF REVENUE, THE NORTH CAROLINA DEPARTMENT OF STATE TREASURER, HARLAN E. BOYLES, IN HIS CAPACITY AS TREASURER OF THE STATE OF NORTH CAROLINA, RESPONDENT-DEFENDANTS

### WAKE COUNTY NO. 94CVS06904

JAMES H. POU BAILEY, DONALD L. SMITH, MILDRED GODWIN AS SURVIVING BENEFICIARY AND AS EXECUTRIX OF THE ESTATE OF A. PILSTON GODWIN, HARRY L. UNDERWOOD, HENRY L. BRIDGES, ROSALIE T. ADAMS, JESSE M. ALMON, HELEN L. ANDREWS, WORTH B. ASKEW, BILLY A. BAKER, PARKER N. BARE, ARTHUR C. BEAMAN AND GRACE G. BEAMAN, JOSEPH G. BRINKLEY, ROBERT L. BLEVINS, ELLIE L. BOYLES, CHANCEL T. BROWN AND JOAN W. BROWN, ELIZABETH S. BUTLER, DOROTHY T. CARMICHAEL, JOHN CARRICKER, HAROLD D. COLEY, SR., ANNA L. COOPER, CHARLES C. COOPER AND BERTIE S. COOPER, T.J. DUNCAN AND ESTHER P. DUNCAN, DAN R. EMORY, MARTIN W. ERICSON, FRED W. GENTRY, IVEY B. GORDON AND IZORIA S. GORDON,

BAILEY v. STATE

[352 N.C. 127 (2000)]

LOUIS N. GOSSELIN, EARL T. GREEN, BOB HAMMONS, DARIUS B. HERRING, RAY F. HOLCOMB, TILLE M. HOLCOMB, KAY C. HURT, JOHN I. KIGER AND MARIE A. KIGER, CLARENCE T. LEINBACH, WALTER G. LEMING AND BARBARA C. LEMING, YATES LOWE, HARRIETTE B. McCORMICK, VIRGINIA H. MICKEY, WILLIAM F. MORGAN, HARRIETTA B. McCORMICK, EARL RAY PARKER, CALVIN C. PEARCE, MICHAEL PELECH, DIANE S. PEOPLES, MILDRED R. POINDEXTER, WINNIE D. POTTS, PATSY M. REYNOLDS, GLENN D. RUSSELL, BLANCHE S. SHIPP, CLYDE R. SHOOK, HAROLD E. SIMPSON, SONNIE B. SIMPSON, LENORA S. SMITH, FRANCES J. SNOW, CHARLES A. SPEED, JUSTUS M. TUCKER, WALTER P. UPRIGHT, RALPH B. WALKER AND MARTHA M. WALKER, JEAN A. WATSON, ROBERT I. WEATHERSBEE, RUBY WEBSTER, HARRY LEE WILLIAMS, DANIEL W. WILLIAMS, ELIZABETH H. WILSON, WILBUR G. WILSON, ERNEST B. WOOD, THOMAS S. WORSHAM, W.K. AUBRY, JR., JAMES BRYAN BARRETT, NORMAN W. CASH, ROBERTA M. COOK, JOHN ED DAVIS, DANIEL M. DYSON, EDWIN C. GUY, SAMUEL L. HARMAN, JOHN MARSHALL HARTLEY, DONALD ELLIOTT HARTLE, MARTHA M. LAWING, DOUGLAS LAMAR MASON, DELMA DALTON REPASS, JR., WILLIAM ELMER RIGGS, PAUL L. SALISBURY, JR., RICHARD A. SHARPE, NELSON LEROY SHEAROUSE, FRANCIS C. SIMMONS AND MARY E. SIMMONS, NED RAEFORD SMITH, G. VANCE SOLOMON AND EULALIA T. SOLOMON, THOMAS LASH TRANSOU AND WILBUR EUGENE YOUNG, INDIVIDUALLY FOR THE BENEFIT AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, PLAINTIFFS v. STATE OF NORTH CAROLINA, THE NORTH CAROLINA DEPARTMENT OF REVENUE, JANICE FAULKNER, IN HER CAPACITY AS SECRETARY OF THE NORTH CAROLINA DEPARTMENT OF REVENUE, THE NORTH CAROLINA DEPARTMENT OF STATE TREASURER, HARLAN E. BOYLES, IN HIS CAPACITY AS TREASURER OF THE STATE OF NORTH CAROLINA, AND OFFICER EX OFFICIO OF THE RETIREMENT SYSTEMS, THE TEACHERS AND STATE EMPLOYEES RETIREMENT SYSTEMS OF NORTH CAROLINA, AND THE LOCAL GOVERNMENT EMPLOYEES RETIRE-MENT SYSTEMS OF NORTH CAROLINA, DEFENDANTS

---

**WAKE COUNTY NO. 95CVS04346**

CHARLES R. PATTON, EUGENE E. MOODY, MARY L. PRITCHARD, MERRILL R. CAMPBELL, THOMAS M. GROOME, JR., ROBERT J. DAVIS, MILTON H. QUINN, MAXINE S. WOOD, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF ROBERT V. WOOD, WINTON H. WILLIAMS, WILLIAM E. DENTON, BILLY CLARK, NORMAN W. SWANSON, WOODFORD T. MOSELEY, MARION B. ZOLLICOFFER, RAY HOMESLEY, DANIEL J. QUESENBERRY, RICHARD M. HERIOT, PAUL F. CHAVEZ, WILLIAM H. ADAMS, AND OTHERS SIMILARLY SITUATED, PLAINTIFFS v. STATE OF NORTH CAROLINA, THE NORTH CAROLINA DEPARTMENT OF REVENUE, JANICE FAULKNER, IN HER CAPACITY AS SECRETARY OF THE NORTH CAROLINA DEPARTMENT OF REVENUE, THE NORTH CAROLINA DEPARTMENT OF STATE TREASURER, HARLAN E. BOYLES, IN HIS CAPACITY AS TREASURER OF THE STATE OF NORTH CAROLINA, DEFENDANTS

---

**WAKE COUNTY NO. 95CVS06625**

JAMES H. POU BAILEY, DONALD L. SMITH, MILDRED GODWIN AS SURVIVING BENEFI-CIARY AND AS EXECUTRIX OF THE ESTATE OF A. PILSTON GODWIN, HARRY L. UNDERWOOD, HENRY L. BRIDGES, ROSALIE T. ADAMS, JESSE M. ALMON,

## BAILEY v. STATE

[352 N.C. 127 (2000)]

HELEN L. ANDREWS, WORTH B. ASKEW, BILLY A. BAKER, PARKER N. BARE, ARTHUR C. BEAMAN AND GRACE G. BEAMAN, JOSEPH G. BRINKLEY, ROBERT L. BLEVINS, ELLIE L. BOYLES, CHANCEL T. BROWN AND JOAN W. BROWN, ELIZABETH S. BUTLER, DOROTHY T. CARMICHAEL, JOHN CARRICKER, HAROLD D. COLEY, SR., ANNA L. COOPER, CHARLES C. COOPER AND BERTIE S. COOPER, T.J. DUNCAN AND ESTHER P. DUNCAN, DAN R. EMORY, MARTIN W. ERICSON, FRED W. GENTRY, IVEY B. GORDON AND IZORIA S. GORDON, LOUIS N. GOSSELIN, EARL T. GREEN, BOB HAMMONS, DARIUS B. HERRING, RAY F. HOLCOMB, TILLE M. HOLCOMB, KAY C. HURT, JOHN I. KIGER AND MARIE A. KIGER, CLARENCE T. LEINBACH, WALTER G. LEMING AND BARBARA C. LEMING, YATES LOWE, HARRIETTE B. McCORMICK, VIRGINIA H. MICKEY, WILLIAM F. MORGAN, HARRIETTA B. McCORMICK, EARL RAY PARKER, CALVIN C. PEARCE, MICHAEL PELECH, DIANE S. PEOPLES, MILDRED R. POINDEXTER, WINNIE D. POTTS, PATSY M. REYNOLDS, GLENN D. RUSSELL, BLANCHE S. SHIPP, CLYDE R. SHOOK, HAROLD E. SIMPSON, SONNIE B. SIMPSON, LENORA S. SMITH, FRANCES J. SNOW, CHARLES A. SPEED, JUSTUS M. TUCKER, WALTER P. UPRIGHT, RALPH B. WALKER AND MARTHA M. WALKER, JEAN A. WATSON, ROBERT I. WEATHERSBEE, RUBY WEBSTER, HARRY LEE WILLIAMS, DANIEL W. WILLIAMS, ELIZABETH H. WILSON, WILBUR G. WILSON, ERNEST B. WOOD, THOMAS S. WORSHAM, W.K. AUBRY, JR., JAMES BRYAN BARRETT, NORMAN W. CASH, ROBERTA M. COOK, JOHN ED DAVIS, DANIEL M. DYSON, EDWIN C. GUY, SAMUEL L. HARMAN, JOHN MARSHALL HARTLEY, DONALD ELLIOTT HARTLE, MARTHA M. LAWING, DOUGLAS LAMAR MASON, DELMA DALTON REPASS, JR., WILLIAM ELMER RIGGS, PAUL L. SALISBURY, JR., RICHARD A. SHARPE, NELSON LEROY SHEAROUSE, FRANCIS C. SIMMONS AND MARY E. SIMMONS, NED RAEFORD SMITH, G. VANCE SOLOMON AND EULALIA T. SOLOMON, THOMAS LASH TRANSOU AND WILBUR EUGENE YOUNG, INDIVIDUALLY FOR THE BENEFIT AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, PLAINTIFFS v. STATE OF NORTH CAROLINA, THE NORTH CAROLINA DEPARTMENT OF REVENUE, JANICE FAULKNER, IN HER CAPACITY AS SECRETARY OF THE NORTH CAROLINA DEPARTMENT OF REVENUE, THE NORTH CAROLINA DEPARTMENT OF STATE TREASURER, HARLAN E. BOYLES, IN HIS CAPACITY AS TREASURER OF THE STATE OF NORTH CAROLINA, AND OFFICER *EX OFFICIO* OF THE RETIREMENT SYSTEMS, THE TEACHERS AND STATE EMPLOYEES RETIREMENT SYSTEMS OF NORTH CAROLINA, AND THE LOCAL GOVERNMENT EMPLOYEES RETIRE-MENT SYSTEMS OF NORTH CAROLINA, DEFENDANTS

## WAKE COUNTY NO. 95CVS08230

JAMES H. POU BAILEY, DONALD L. SMITH, MILDRED GODWIN AS SURVIVING BENEFI-CIARY AND AS EXECUTRIX OF THE ESTATE OF A. PILSTON GODWIN, HARRY L. UNDERWOOD, HENRY L. BRIDGES, ROSALIE T. ADAMS, JESSE M. ALMON, HELEN L. ANDREWS, WORTH B. ASKEW, BILLY A. BAKER, PARKER N. BARE, ARTHUR C. BEAMAN AND GRACE G. BEAMAN, JOSEPH G. BRINKLEY, ROBERT L. BLEVINS, ELLIE L. BOYLES, CHANCEL T. BROWN AND JOAN W. BROWN, ELIZABETH S. BUTLER, DOROTHY T. CARMICHAEL, JOHN CARRICKER, HAROLD D. COLEY, SR., ANNA L. COOPER, CHARLES C. COOPER AND BERTIE S. COOPER, T.J. DUNCAN AND ESTHER P. DUNCAN, DAN R. EMORY, MARTIN W. ERICSON, FRED W. GENTRY, IVEY B. GORDON AND IZORIA S. GORDON, LOUIS N. GOSSELIN, EARL T. GREEN, BOB HAMMONS, DARIUS B. HERRING,

**BAILEY v. STATE**

[352 N.C. 127 (2000)]

RAY F. HOLCOMB, TILLE M. HOLCOMB, KAY C. HURT, JOHN I. KIGER AND MARIE A. KIGER, CLARENCE T. LEINBACH, WALTER G. LEMING AND BARBARA C. LEMING, YATES LOWE, HARRIETTE B. McCORMICK, VIRGINIA H. MICKEY, WILLIAM F. MORGAN, HARRIETTA B. McCORMICK, EARL RAY PARKER, CALVIN C. PEARCE, MICHAEL PELECH, DIANE S. PEOPLES, MILDRED R. POINDEXTER, WINNIE D. POTTS, PATSY M. REYNOLDS, GLENN D. RUSSELL, BLANCHE S. SHIPP, CLYDE R. SHOOK, HAROLD E. SIMPSON, SONNIE B. SIMPSON, LENORA S. SMITH, FRANCES J. SNOW, CHARLES A. SPEED, JUSTUS M. TUCKER, WALTER P. UPRIGHT, RALPH B. WALKER AND MARTHA M. WALKER, JEAN A. WATSON, ROBERT I. WEATHERSBEE, RUBY WEBSTER, HARRY LEE WILLIAMS, DANIEL W. WILLIAMS, ELIZABETH H. WILSON, WILBUR G. WILSON, ERNEST B. WOOD, THOMAS S. WORSHAM, W.K. AUBRY, JR., JAMES BRYAN BARRETT, NORMAN W. CASH, ROBERTA M. COOK, JOHN ED DAVIS, DANIEL M. DYSON, EDWIN C. GUY, SAMUEL L. HARMAN, JOHN MARSHALL HARTLEY, DONALD ELLIOTT HARTLE, MARTHA M. LAWING, DOUGLAS LAMAR MASON, DELMA DALTON REPASS, JR., WILLIAM ELMER RIGGS, PAUL L. SALISBURY, JR., RICHARD A. SHARPE, NELSON LEROY SHEAROUSE, FRANCIS C. SIMMONS AND MARY E. SIMMONS, NED RAEFORD SMITH, G. VANCE SOLOMON AND EULALIA T. SOLOMON, THOMAS LASH TRANSOU AND WILBUR EUGENE YOUNG, INDIVIDUALLY FOR THE BENEFIT AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, PLAINTIFFS v. STATE OF NORTH CAROLINA, THE NORTH CAROLINA DEPARTMENT OF REVENUE, JANICE FAULKNER, IN HER CAPACITY AS SECRETARY OF THE NORTH CAROLINA DEPARTMENT OF REVENUE, THE NORTH CAROLINA DEPARTMENT OF STATE TREASURER, HARLAN E. BOYLES, IN HIS CAPACITY AS TREASURER OF THE STATE OF NORTH CAROLINA, AND OFFICER EX OFFICIO OF THE RETIREMENT SYSTEMS, THE TEACHERS AND STATE EMPLOYEES RETIREMENT SYSTEMS OF NORTH CAROLINA, AND THE LOCAL GOVERNMENT EMPLOYEES RETIRE-MENT SYSTEMS OF NORTH CAROLINA, CONSOLIDATED JUDICIAL RETIRE-MENT SYSTEM AND THE LOCAL GOVERNMENT EMPLOYEES RETIREMENT SYSTEM OF NORTH CAROLINA, DEFENDANTS

---

**WAKE COUNTY NO. 98CVS00738**

DAN R. EMORY, E. MICHAEL LATTA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMI-LARLY SITUATED, PLAINTIFFS v. STATE OF NORTH CAROLINA, AND HARLAN E. BOYLES, TREASURER OF THE STATE OF NORTH CAROLINA, DEFENDANTS

No. 56PA00

(Filed 16 June 2000)

## Pensions and Retirement— state, local, and federal government employees—taxation—class members

The class members of this consolidated class action, filed by state, local, and federal retiree plaintiffs arising from the taxation of their retirement income and benefits for tax years 1989 through 1997, include individuals, their estates, or other benefi-ciaries who, in fact, retired from a federal, North Carolina state,

or local government retirement system and received retirement benefits; and does not include persons who resigned, left government service for reasons other than retirement, or who were terminated from state, local, or federal government.

On discretionary review pursuant to N.C.G.S. § 7A-31, prior to a determination by the Court of Appeals, of an order entered on 10 September 1999 by Thompson, J., in Superior Court, Wake County. Heard in the Supreme Court 16 May 2000.

*G. Eugene Boyce, Keith W. Vaughan, and W. David Edwards for plaintiff-appellees.*

*Michael F. Easley, Attorney General, by Norma S. Harrell, Special Deputy Attorney General, for defendant-appellants.*

WAINWRIGHT, Justice.

This "exceptional case" results from consolidated class actions filed by state, local, and federal retiree plaintiffs arising from the taxation of their retirement income and benefits. On 10 September 1999, in Superior Court, Wake County, the Honorable Jack A. Thompson entered an "Order Regarding Class Membership" holding, in essence, that only federal, state, and local government retirees who meet the requirements of class membership are part of and may benefit from the settlement of this matter and that individuals other than retirees, their beneficiaries, or estates are not part of the class benefitting from the settlement. It is from this order that defendants appeal. For all background, procedural matters, and factual statements, refer to *Bailey v. State*, 348 N.C. 130, 500 S.E.2d 54 (1998) (*Bailey II*).

The question presented on appeal is a determination of who is and who is not a class member. Plaintiffs contend the settlement benefits of this action involving recovery of taxes paid apply only to those individuals, their estates, or their beneficiaries who, in fact, retired from a federal, North Carolina state, or local government retirement system and received retirement benefits. Defendants contend the settlement benefits to reimburse taxes paid also apply to nonretired former government employees who, upon their departure from public employment, received lump-sum return of contribution payments because they left government service for reasons other than retirement, such as voluntary resignation or involuntary termination. We agree with plaintiffs' position.

In *Bailey II*, we made multiple references to plaintiffs as being "retirees" and "retired government employees." *See id.* Nowhere in our decision did we imply that a person who left government employment by resignation, termination, or other than by becoming a retiree in one of the retirement systems is a class member.

In their original petition and complaint filed 2 October 1992, plaintiffs proposed the class as follows:

> All state and local government officials and employees (or beneficiaries, survivors, etc., of such officials and employees) who have heretofore *retired* or hereafter *retire* and qualify to receive pensions, benefits or monies which said benefits vested prior to 12 August 1989 pursuant to any of said Plans or any other Plan, and paid or who pay income tax on said pensions, benefits or monies and demanded or demand refunds as herein alleged.

(Emphasis added.)

On 10 June 1998, the parties entered into a "Consent Order" settling the consolidated lawsuits. The Consent Order provided, in pertinent part, that

> [t]he parties agree that the *persons entitled* to refunds for tax years 1989 through 1997 are those persons receiving *retirement* allowances by reason of five years creditable service in a federal government retirement system or a North Carolina state or local government retirement system as of August 12, 1989, or their surviving beneficiaries and estates. The parties further agree that, henceforth, these persons shall not be liable for North Carolina income tax on federal government or North Carolina state or local government *retirement* benefits. The parties reserve the right to continue to seek agreement, or in the alternative submit to the Court for its determination, the issue of "vesting" periods for purposes of tax liability on withdrawals from Deferred Compensation and 401-K Plans by federal and North Carolina state and local government *retirees*.

(Emphasis added.)

The Consent Order further expressly limited the claims released by the settlement to those "arising from the taxation of State, local and federal *retirement* income and benefits from 1989 through 1997 as to every State, local or federal retiree." (Emphasis added.) The

"Order Approving Class Action Settlement" filed 9 October 1998, approved the above-referenced Consent Order.

On 17 June 1998, Judge Thompson entered an "Order of Class Certification." He concluded as a matter of law and ordered the following:

A. Plaintiffs' motions for class certification shall be and are hereby granted, and the plaintiff settlement class shall consist of (a) all persons who received, are receiving or will receive retirement allowances and who had five years creditable service in a federal government retirement system or a North Carolina state or local government retirement system as of August 12, 1989; (b) all persons who were "vested", to the extent that they were "vested", as of August 12, 1989, as determined by the Court, in Deferred Compensation or 401-K type plans offered to federal or North Carolina state or local government employees; and (c) all surviving beneficiaries and estates of such persons.

B. The members of the class shall be given the best notice practicable under the circumstances.

The notices given to prospective class members by the court in June 1998 included what is referred to as "the long-form notice." The long-form notice, in a section titled "What are the lawsuits about?" provided as follows:

Before the tax year 1989, retirement benefits of North Carolina state and local government retirees were exempt from state income tax in North Carolina. On August 12, 1989, the General Assembly enacted a law that repealed the tax exemption and substituted a partial exemption. The five state and local government retiree cases (designated as the Bailey or Emory cases) challenged the legality and constitutionality of the General Assembly's 1989 repeal of the statute exempting state and local government annuities and retirement benefits from state income taxation and sought refunds of taxes paid and interest. The state and local government *retiree cases* cover the past nine tax years, 1989 through 1997 . . . .

Patton v. State of North Carolina, the federal retiree lawsuit, is the latest in a series of class action lawsuits by federal retirees which assert that North Carolina violated the U.S. Constitution by taxing *federal retirement benefits* in a manner different from

North Carolina state and local government retiree plan benefits and that *federal government retirement benefits* should be treated no differently than state and local government *retirement benefits . . . .*

Against this background, Class Counsel and representatives of the General Assembly negotiated a global settlement under the terms of which the General Assembly will authorize payment of $799 million in order *to resolve all retiree claims in these cases.*

(Emphasis added.)

Judge Thompson, in the "Order Regarding Class Membership" entered on 10 September 1999, ordered the following:

1. Only North Carolina State and local government *retirees* and federal government *retirees* who meet the requirements of *Class membership* are part of and may benefit from the Settlement. Individuals other than *retirees*, their beneficiaries or estates are *not part of* the Settlement and may not participate in distributions from the Claims Fund. Thus, for example, lump-sum distributions by included retirement systems on account of pre-retirement termination of employment (whether voluntary or involuntary) or pre-retirement death are not part of the Consent Order and the Order Approving Class Action Settlement because such payments have not been made to Class Members.

2. For the purposes of the Settlement, payments by included retirement systems following the pre-retirement death of a member of an included retirement plan to a surviving spouse or beneficiary which are treated as retirement allowances pursuant to a statutory election by the surviving spouse or beneficiary *are* covered by the Consent Order and Order Approving Class Action Settlement. Taxes paid on such retirement allowances shall be treated the same as taxes paid on other retirement allowances with respect to calculation of the Overpayment Amount for the purposes of participation in payouts from the Claims Fund.

3. Nothing in this Order shall affect the rights of taxpayers who are not retirees.

(Italics added.)

Notwithstanding the above, defendants contend "retirement benefits" *do* include the lump-sum refunds to individuals for return of

contributions. This group consists of those who did not formally retire from a retirement system but instead withdrew their retirement system contributions (or whose contributions were paid to their estates or beneficiaries upon their deaths prior to formal retirement). We conclude that a government employee who resigns, who is fired, or who dies before retiring is not a retiree. These categories of persons have never been party to these consolidated cases and have taken no timely steps to intervene. For purposes of clarity, we note that lump-sum payments for *eligible class members* from retirement plans *are* included in the calculation of settlement proceeds.

Defendants further contend several government retirement plans do not conveniently fit the requirement that a class member be a retiree. The purpose for including all the government retirement plans in previous orders of the trial court and our *Bailey II* decision, which might have been affected by the 1989 legislation, was to give anyone potentially qualified as a class member notice to participate in the settlement fund. The fact that certain benefits were distributed to nonretirees from the retirement plans does not affect the definition of the class receiving funds from this settlement.

We hold the Consent Order, the Order Approving Class Action Settlement, and the Order Regarding Class Membership, when read together, sufficiently reveal that persons who resigned; who left government service for reasons other than retirement; or who were terminated from state, local, or federal government employment, and who thereafter received a lump-sum reimbursement of their respective employee contributions to the retirement fund and who paid state income taxes on such lump-sum withdrawal of contributions are not government retirees and are not entitled to a pro-rata share of the settlement funds and interest earned thereon now being administered.

For the foregoing reasons, we affirm the decision of the trial court.

AFFIRMED.